| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br><br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(609) 250-0700<br>dcarlon@kmllawgroup.com<br>Attorneys for Movant<br>Bank of America, N.A. | <br><br>**Order Filed on September 14, 2016 by Clerk U.S. Bankruptcy Court District of New Jersey** |
| In Re:<br><br>Theresa H. Hampshire & Joseph W. Hampshire,<br><br>Debtors. | Case No.: 16-20072-JNP<br>Adv. No.:<br>Hearing Date: 9/7/16 @ 10:00 a.m.<br><br>Judge: Jerrold N. Poslusny |

**ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN**

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: September 14, 2016**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Debtor:         Theresa A. Hampshire & Joseph W. Hampshire
Case No.:       16-20072-JNP
Caption:        **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTORS' CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Bank of America, N.A.,, holder of a mortgage on real property located at 19 Bradford Place, Blackwood, NJ 08012, Denise Carlon appearing, by way of objection to the confirmation of Debtors' Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Joseph Rogers, Esquire, attorney for Debtors, Theresa A. Hampshire and Joseph W. Hampshire, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtors shall make post-petition payments in accordance with the terms of the Loss Mitigation Order; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to collect any post-petition arrears, including the difference between the contractual monthly payment and the loss mitigation adequate protection payment, in the event loss mitigation negotiations are unsuccessful; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtors will obtain a modification within the timeframe set forth in the Loss Mitigation Order, or as extended by further Order of the Court; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that during the loss mitigation period, the Chapter 13 Trustee is not to make disbursements on the pre-petition arrearage claim of Secured Creditor; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to any pre-petition arrears; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event a loan modification or other loss mitigation option is not achieved, Debtor shall promptly file a modified plan to otherwise address Secured Creditor's claim, or surrender the subject property; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.